# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:05cv443

| | |
|---|---|
| **BRENDA S. LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **JOANNE B. BARNHART,** ) | |
| Commissioner Social Security Administration, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Summary Judgment" (Doc. No. 12) and supporting memorandum (Doc. No. 13), filed April 5, 2006, and Defendant's "Motion for Summary Judgment" (Doc. No. 14) and supporting memorandum (Doc. No. 15), filed June 5, 2006. This matter is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits prior to June 11, 2004 is supported by substantial evidence. Accordingly, the undersigned will **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, and **AFFIRM** the Commissioner's decision.

## I. PROCEDURAL HISTORY

On October 10, 2002, Plaintiff applied to the Social Security Administration for a period of disability, Social Security disability insurance benefits, and Supplemental Security Income, alleging that she became disabled on August 19, 1999, as a result of neck and back pain. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an

Administrative Law Judge ("ALJ"), which was held February 7, 2005. On February 25, 2005, the ALJ issued an opinion partially favorable to Plaintiff: 1) denying Plaintiff's claim for the period of August 19, 1999 to June 11, 2004, but 2) granting the disability claim from the period of June 11, 2004 to the present.

Subsequently, Plaintiff filed a Request for Review of Hearing Decision. On September 9, 2005, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on October 19, 2005, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 401-02 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Id. (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by

substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

When evaluating a claim of disability under the Social Security Act, the Commissioner and ALJ use a five-step sequential evaluation process: 1) whether the claimant is currently engaging in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the impairment meets or equals a listing as set out in Appendix 1 of Chapter III, Part 404, Subpart P; 4) whether the impairment prevents the claimant from returning to his past relevant work using an analysis of a person's "residual function capacity"("RFC"); and 5) whether the claimant is able to perform other work as it exists in the national economy based on the calculated RFC. 20 C.F.R. § 416.920(a)(4)(i)-(v).

Plaintiff disputes the specific findings of the ALJ that prior to June 11, 2004, Plaintiff was

3

not "disabled" as that term is defined for Social Security purposes.[1] First the ALJ confirmed that Plaintiff was not engaging in substantial gainful activity. Next, the ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from lumbar degenerative disease and headaches, which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments met or medically equaled one of the impairments listed in Appendix 1 prior to June 11, 2004.

The ALJ further concluded that Plaintiff retained the RFC to perform "light" and "sedentary" work as long as she did not have to engage in prolonged bending, stooping, squatting, or kneeling, lift over 30 pounds, push more than 50 pounds, balance, climb ladders or scaffolds, or more than occasionally climb stairs. Moreover, Plaintiff was restricted to jobs which allowed a sit/stand option. The ALJ also found that Plaintiff had a limited education and no transferable skills from past relevant work as a cab driver and warehouse worker. Based on this RFC, the ALJ determined that Plaintiff was not able to return to her past relevant work; but that Plaintiff could perform work that existed in significant numbers in the national economy.[2]

Based on the above five-step analysis, the ALJ concluded that Plaintiff was not disabled prior to June 11, 2004, as defined for Social Security purposes. However, Plaintiff contends that the ALJ erred by failing to re-contact Plaintiff's treating medical provider, as required under 20 C.F.R. §

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
   inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .
Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

[2] The vocational expert testifying at the Review Hearing before the ALJ found that Plaintiff could work as a companion, gate tender, final assembler, or nut sorter based on the RFC calculated by the ALJ. (TR. 25-26).

4

416.912(e); by finding that the Plaintiff was not credible; by basing part of the credibility analysis on the fact that Plaintiff did not take her prescribed medication; and by asking an improper hypothetical question and accepting improper vocational testimony.

A. Re-contacting a Medical Treatment Provider

Under 20 C.F.R. § 416.912(e), the ALJ should request more information from the treating physician when the information available is inadequate to determine whether an individual is disabled. More specifically, the ALJ will re-contact a medical source when that medical source's report contains a conflict or ambiguity that must be resolved, does not contain all of the necessary information, or does not appear to be based on medically accepted techniques. Id. [3]

Plaintiff further contends that the ALJ should have re-contacted treating physicians that provided opinions about issues reserved to the Commissioner where the rationales for such opinions were not clear. See Soc. Sec. R. 96-5p. "[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance," however these opinions must never be ignored. Id. at *2-3. "If a case record contains an opinion from a medical source on an issue reserved for the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." Id. at *3

Based on the record before the ALJ, the ALJ had sufficient medical records and information to make a disability determination for the period of time prior to June 11, 2004. The ALJ gave "little weight" to the findings of Dr. Baumblatt, a consultative physician, based on the doctor's own report

---

[3]Defendant correctly cites the standard that in determining whether the ALJ's decision was supported by substantial evidence, this Court can only look at evidence that was presented to the ALJ. Smith v. Chater, 99 F.3d 635, 638 & n.90 (4th Cir. 1963). As a result, the letter submitted by Plaintiff on January 17, 2006, cannot be considered in the inquiry.

that Plaintiff refused to cooperate during the examination and his guarded findings based on this lack of cooperation. (TR. 23). The ALJ instead gave "great weight" to the opinion of Plaintiff's treating orthopedic surgeon, Dr. Darden, regarding Plaintiff's abilities. (TR. 24). This decision was based on Dr. Darden's repeated contact with Plaintiff and comprehensive examinations of her musculoskeleton symptoms and pain. Id. However, the ALJ did not give controlling weight to Dr. Darden's opinion that Plaintiff could perform a "wide range of light work," but instead used it merely as evidence in calculating the RFC, discussed supra, p. 4. Because the ALJ thoroughly examined the record, analyzed the doctor's reports, found no conflicts or incomplete reports, and used the medical reports as evidence for his disability decision, this Court holds that substantial evidence supports the Defendant's contention that the ALJ was not required to re-contact Plaintiff's treating medical providers.

### B. Credibility

Plaintiff next contends that the ALJ erred in deciding that Plaintiff was not fully credible prior to June 11, 2004. (TR. 22). The Fourth Circuit has developed a two-pronged test for the ALJ to evaluate a plaintiff's credibility regarding subjective accounts of pain. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). A plaintiff must first present objective medical evidence of a condition that could potentially produce the pain at issue, then the ALJ must consider the type and frequency of the pain and its relation to the RFC. Therefore, Plaintiff is correct that subjective accounts of pain alone can support a finding of disability when there is objective evidence of a medical condition, Craig, 76 F.3d at 594; however, Social Security Ruling 96-7p confirms that pain must be viewed in conjunction with objective evidence of pain, evidence from treatment providers, and any other relevant evidence in the record. This "other relevant evidence" can include discontinuance of

therapy sessions and failure to take prescribed medications, in a credibility determination. <u>Hunter v. Sullivan</u>, 993 F.2d 31, 36 (4th Cir. 1992). Under Soc. Sec. R. 82-59, inability to pay for prescribed treatment is a defense in the case where an individual would otherwise be found to be disabled but loses that status by failing to follow such treatment.

The ALJ determined that Plaintiff has lumbar degenerative disease and headaches, which could reasonably produce the pain alleged by Plaintiff. (TR. 22). However, the ALJ next decided that Plaintiff's testimony regarding symptoms, pain, and functional limitations was not fully credible. <u>Id.</u> The ALJ relied on evidence from various treatment providers questioning her pain level due to documented symptom magnification and exaggeration. (TR. 23-24). Furthermore, the ALJ cites objective medical evidence that both supports Plaintiff's complaints of pain and the ALJ's determination that the pain had not reached disability levels prior to June 11, 2004. As a result, substantial evidence supports the ALJ's determination that Plaintiff was not fully credible in relation to her pain levels prior to June 11, 2004.

As a factor of his credibility determination, the ALJ noted that Plaintiff did not take prescribed medications. Plaintiff claims that the ALJ violated Soc. Sec. R. 82-59 by failing to obtain more information about her financial circumstances with respect to her failure to fill prescriptions. However, as Defendant notes, Soc. Sec. R. 82-59 refers to the circumstance where the plaintiff would otherwise be considered disabled, but the failure to follow treatment alone eliminates the plaintiff from eligibility. In contrast to the situation where failure to take prescribed medication is dispositive of the entire case, Plaintiff's failure to take prescribed medication in the instant case was only one of many factors considered in the credibility determination, which was in turn one of the numerous factors considered in denying disability.

### C. Improper Hypothetical

Lastly, Plaintiff contends that the ALJ posed an improper hypothetical question as a result of a faulty RFC analysis. Based on the ALJ's analysis of Plaintiff's physical (exertional and non-exertional), mental, and any other relevant limitations, see 20 C.F.R. § 416.945(b)-(d), the ALJ determined that Plaintiff was able to perform a wide range of "light" and "sedentary" work with the following limitations:

> claimant's lumber degenerative disc disease and associated symptoms and pain precluded her from engaging in prolonged bending, stooping, squatting or kneeling, lifting over 30 pounds, pushing/pulling more than 50 pounds, balancing, climbing ladders or scaffolds or more than occasionally climbing stairs. She was also restricted to jobs which allowed a sit/stand option.

(TR. 25). Based on the substantial evidence, this RFC analysis "adequately reflect[s]" Plaintiff's capabilities prior to June 11, 2004. Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); see also Fisher v. Barnhart, No. 05-1473, 2006 WL 1328700, at *5 (4th Cir. 2006). Furthermore, those symptoms and limitations not included in the RFC statement were analyzed and determined to be inapplicable by the ALJ based on the credibility decision discussed above. Due to the ALJ's thorough analysis of all of the relevant symptoms and limitations and Plaintiff's failure to cite specific evidence that was incorrectly ignored or applied by the ALJ, this Court finds that the ALJ's RFC and hypothetical question for the period prior to June 11, 2004 were supported by substantial evidence.

Based on the foregoing, the undersigned concludes that substantial evidence supports both the ALJ's findings that Plaintiff's impairments did not meet a listed impairment and that Plaintiff

was not disabled for Social Security purposes prior to June 11, 2004.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Plaintiffs "Motion for Summary Judgment" (Doc. No. 12), filed April 5, 2006, is **DENIED**; Defendant's "Motion for Summary Judgment" (Doc. No. 15), filed June 5, 2006, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: July 5, 2007

Robert J. Conrad, Jr.
Chief United States District Judge